UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAYERISCHE LANDESBANK,

                Plaintiff,

-against-

HSBC HOLDINGS PLC, HSBC NORTH AMERICA HOLDINGS INC., HSBC USA INC., HSBC MARKETS (USA) INC., HSBC SECURITIES (USA) INC., HSI ASSET SECURITIZATION CORPORATION, HSBC BANK USA, N.A.,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/13
```

13 Civ. 3906 (AT)

**MEMORANDUM AND ORDER**

ANALISA TORRES, District Judge:

    Defendants removed this matter from Supreme Court, New York County, arguing (1) that this Court has subject matter jurisdiction under the Edge Act, 12 U.S.C. § 632, and (2) that but-for the fraudulent joinder of Defendant HSBC Holdings PLC, this Court would have subject matter jurisdiction under the diversity provision of the Judicial Code, 28 U.S.C. § 1332(a). Plaintiff moves for an order remanding this action to state court. For the reasons stated below, the motion is GRANTED.[1]

## BACKGROUND

    Plaintiff, a German bank, commenced this action in Supreme Court, New York County, alleging fraud and other common law claims arising from Plaintiff's investment in a residential mortgage-backed security ("RMBS") packaged and sold by Defendants. Compl. ¶¶ 32, 41, 42.

    A RMBS is an asset-backed security collateralized by a pool of underlying mortgages or notes on residential properties. RMBS securitization is the process by which investment banks pool thousands of residential mortgages together in a trust, which then issues securities in the form of certificates to investors. *Id.* at ¶ 46. The certificates entitle the holders to a portion of

---

[1] For the purposes of this motion, the allegations of the complaint are taken as true. *Weiss v. Hager*, No. 11 Civ. 2740, 2011 WL 6425542, at *2 (S.D.N.Y. Dec. 19, 2011).

the monthly revenue stream produced by principal and interest payments made by the mortgage borrowers. *Id.*

The securitization process begins with the origination of the underlying loans (typically loans for purchase, refinance, or home equity lines of credit) by an "originator." *Id.* at ¶ 47. The originator then sells a pool of mortgages to a "sponsor" that is in the business of packaging securities. *Id.* The sponsor transfers the pool of loans to a "depositor" which deposits the loans into a trust. *Id.* Both the sponsor and the depositor are considered an "issuer" of the securities. *Id.* The issuer conducts due diligence reviews of the underlying loans and prepares the offering materials which are filed with the Securities and Exchange Commission. *Id.* at ¶¶ 3, 49. The trust holds the beneficial ownership interest in the loans and issues certificates – backed by the underlying loan pool – that can be sold to investors. *Id.* at ¶¶ 53, 54. Finally, an "underwriter" sells the certificates to the investors. *Id.* at ¶ 54.

On March 8, 2007, Plaintiff's New York branch, Bayern New York, invested $75,000,000 in a certificate issued in a RMBS securitization involving Defendants. *Id.* at ¶¶ 1, 45. Defendant HSBC Bank USA, N.A. ("HSBC Bank"), serving as sponsor, purchased domestic loans from the originators and sold them to depositor Defendant HSI Asset Securitization Corporation ("HASC"). *Id.* at ¶ 70. HSBC Bank and HASC, jointly, as issuer, created and filed with the SEC offering materials containing information about the certificate for prospective investors. *Id.* at ¶ 71. HSBC Bank is a federally chartered bank. *Id.* at ¶ 38. Defendant HSBC Securities (USA) Inc. ("HSBC Securities"), the lead underwriter, reviewed and used the offering materials to market and sell the certificate to Plaintiff. *Id.* at ¶ 64. HSBC Securities is a Delaware corporation (and thus not a federally chartered bank). *Id.* at ¶ 39. Plaintiff alleges that it invested in the certificate in reliance upon material misrepresentations and

2

omissions in the offering materials and suffered losses as result. *Id.* at ¶¶ 66, 274.

## DISCUSSION

I. <u>Legal Standard</u>

Pursuant to 28 U.S.C. § 1441(a), "[a]n action which was originally filed in state court may be removed by a defendant to federal court only if the case could have been originally filed in federal court." *Hernandez v. Conriv Realty Assocs.*, 116 F.3d 35, 38 (2d Cir. 1997). "A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) (citation omitted). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991) (citations omitted). If a district court determines that it does not have jurisdiction, it must remand the action to state court. 28 U.S.C. § 1447(c).

II. <u>Edge Act Jurisdiction</u>

For an action to be removed under the Edge Act, 12 U.S.C. § 632, it must: (1) be a civil suit "at common law or in equity," (2) have a federally chartered corporation as a party, and (3) arise "out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations." *Am. Int'l Grp., Inc. v. Bank of Am. Corp.*, 712 F.3d 775, 780-81 (2d Cir. 2013). The first two requirements are met, because this is a civil suit and HSBC Bank is a federally chartered bank. The third prong, however, cannot be satisfied.

Under the Edge Act, for "removability to apply, the suit must have a federally chartered corporation as a party, and the suit must arise out of an offshore banking or financial transaction

of *that* federally chartered corporation." *Id.* at 784 (emphasis added). There must be "a direct nexus between the bank and the foreign activity." *Sealink Funding Ltd. v. Bear Stearns & Co., Inc.*, No. 12 Civ. 1397, 2012 WL 4794450, at *5 (S.D.N.Y. 2012) (holding no Edge Act jurisdiction in an action brought by an Irish corporation alleging state fraud claims arising from the sale of RMBS certificates because there was no direct nexus between the federally chartered bank, which created U.S. trusts that held U.S. mortgages, and the foreign activity); *see also Landesbank Baden-Wurttemberg v. Capital One Fin. Corp.*, No. 12 Civ. 5907, 2013 WL 3743161, at *3 (S.D.N.Y. 2013) (holding no Edge Act jurisdiction where the sale of RMBS was made directly by underwriters and not by the federally chartered corporation, which had no direct contact with the ultimate purchasers).

As in *Sealink* and *Landesbank*, the federally chartered corporation at issue in this case, HSBC Bank, was not a party to the sale of the certificate to Plaintiff. In its capacity as sponsor and issuer, HSBC Bank participated in the securitization by purchasing loans on U.S. real property which it sold to a depositor. Compl. ¶ 70. HSBC Bank and HASC, jointly, as issuer, created and filed with the SEC offering materials containing information about the certificate for prospective investors. *Id.* at ¶ 71. In its role as lead underwriter, HSBC Securities reviewed those filings and used them to market and sell the certificate to Plaintiff. *Id.* at ¶ 64. HSBC Bank's involvement in the securitization is too attenuated to support Edge Act jurisdiction, as HSBC Securities, a non-federally chartered Delaware corporation, was the entity which ultimately sold the certificate to Plaintiff. *Id.* at ¶ 39. Because there is no nexus between HSBC Bank and any supposed international or foreign activity, Edge Act jurisdiction cannot be invoked.

III. <u>Diversity Jurisdiction</u>

Although Defendants' June 7, 2013 notice of removal asserts the Edge Act as the sole basis of subject matter jurisdiction, Defendants argue that this Court also has diversity jurisdiction based on the fraudulent joinder of Defendant HSBC Holdings PLC.

The "presence of aliens on two sides of a case destroys diversity jurisdiction." *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1981) (citing *IIT v. Vencap, Ltd.*, 519 F.2d 1001, 1015 (2d Cir. 1975)). "The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction. Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). "The defendant bears the heavy burden of proving this circumstance by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff." *Briarpatch,* 373 F.3d at 302. (citation omitted).

In this action, diversity is defeated by the presence of Bayerische Landesbank, a German bank, as Plaintiff, and HSBC Holdings PLC, a U.K. corporation, as a Defendant. Compl. ¶¶ 32, 34. Because Defendants have provided no support for their allegation of fraudulent joinder, let alone clear and convincing evidence, this Court rejects Defendants' claim of diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED and the action is remanded to the Supreme Court of New York, New York County. The Clerk of the Court is

5

directed to close this case and, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this order to the Clerk of the State Court.

    SO ORDERED.

Dated: November 18, 2013
       New York, New York

                                        ANALISA TORRES
                                    United States District Judge